**ARLINGTON HOTEL COMPANY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 88–1203.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1989.

Decided June 7, 1989.

Order of July 21, 1989.

Russell Gunter, Little Rock, Ark., for petitioner.

Robert N. Hermann, Washington, D.C., for respondent.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

Arlington Hotel Company, Inc. (AHC) petitions for review of a backpay order issued by the National Labor Relations Board (the Board). The Board cross-applies for enforcement of the order. We reverse and remand for further proceedings.

Frank Avant worked as a specialty cook at AHC's resort hotel in Hot Springs, Arkansas. Following a strike in March 1981, AHC did not recall Avant to his prestrike position. The Board concluded that although AHC eliminated Avant's cook position for legitimate business reasons, its failure to recall Avant to another position for which he was qualified constituted an unfair labor practice. This court enforced the Board's order requiring AHC to reinstate Avant and others. *See Arlington Hotel Co. v. NLRB*, 785 F.2d 249, 250–51 (8th Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). Avant accepted AHC's offer to reinstate him to a cook's position in December 1986.

Between March 1981 and December 1986, Avant did not work a single day. Avant received one job offer in June 1981, but he rejected the offer because it paid less than either his original AHC position or the position to which he should have been reinstated.

An administrative law judge (ALJ) held a hearing to determine the amount of backpay due Avant. At the hearing, Avant testified he read newspaper advertisements and the telephone directory, visited the state employment agency, routinely contacted employers, and sought help from friends. In support of its affirmative defense that Avant did not use reasonable diligence to find employment during the backpay period, AHC introduced written reports showing Avant's attempts to find employment. AHC also introduced sections of the local telephone directory showing the large number of hotels and restaurants in the Hot Springs area. Finally, a vocational expert gave the opinion that given Avant's skills and job availability in the area, Avant's job search was not diligent or reasonably geared toward finding employment.

Based on the evidence submitted at the hearing, the ALJ concluded Avant's search for substantially equivalent employment was reasonably diligent until March 1982. The ALJ found that after March 1982, however, Avant averaged only one contact per month. Under these circumstances, the ALJ determined AHC had carried its burden of showing Avant's search had fallen below the Board's standard of reasonable diligence. Accordingly, the ALJ limited Avant's backpay award to $10,687 and interest, which represented only the period from March 26, 1981, through March 31, 1982.

The Board on review determined Avant exercised reasonable diligence in his em-

ployment search throughout the March 1981 to December 1986 time period. Thus, the Board reversed the ALJ in part and concluded Avant was entitled to backpay of $69,748 and interest for the entire period before AHC reinstated him. On appeal to this court, the parties have stipulated that the ALJ's backpay computations are correct to the extent Avant is otherwise entitled to backpay for a particular time period. AHC, however, argues the Board's determination of Avant's reasonable diligence for the entire period before reinstatement is not supported by substantial evidence on the record as a whole. We agree and conclude the ALJ's decision correctly identifies the appropriate backpay period in this case.

Judicial review of the Board's discretionary backpay awards is limited. *See Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271 (1941); *Standard Materials, Inc. v. NLRB*, 862 F.2d 1188, 1191 (5th Cir.1989); *Kawasaki Motors Mfg. Corp., U.S.A. v. NLRB*, 850 F.2d 524, 527 (9th Cir.1988). We will overturn the Board's award determinations only if the decision is not supported by substantial evidence on the record as a whole. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 491, 71 S.Ct. 456, 464, 466, 95 L.Ed. 456 (1951); *Standard Materials, Inc.*, 862 F.2d at 1191; *Kawasaki Motors Mfg. Corp., U.S.A.*, 850 F.2d at 527.

■ An unfair labor practice finding "is presumptive proof that some back pay is owed." *NLRB v. Madison Courier, Inc.*, 472 F.2d 1307, 1316 (D.C.Cir.1972). The employer is nonetheless entitled to show the gross amount of backpay should be reduced "for actual earnings by the worker [and] for losses [the worker] willfully incurred." *Phelps Dodge Corp.*, 313 U.S. at 198, 61 S.Ct. at 854; *see also Standard Materials, Inc.*, 862 F.2d at 1191; *NLRB v. Tama Meat Packing Corp.*, 634 F.2d 1071, 1073 (8th Cir.1980); *NLRB v. Midwest Hanger Co.*, 550 F.2d 1101, 1105 (8th Cir.), *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977). Employees are obligated to search for substantially equivalent alternate employment. *See NLRB v. Seligman & Assocs., Inc.*, 808 F.2d 1155, 1165–66 (6th Cir.1986), *cert. denied*, —— U.S.

——, 108 S.Ct. 750, 98 L.Ed.2d 763 (1988); *Tama Meat Packing Corp.*, 634 F.2d at 1073. The employer bears the burden of showing the employee failed to conduct a reasonable search. *Kawasaki Motors Mfg. Corp., U.S.A.*, 850 F.2d at 527; *Tama Meat Packing Corp.*, 634 F.2d at 1073; *Midwest Hanger Co.*, 550 F.2d at 1105. This mitigation principle does not require that the employee's search for other employment meet with success; it "requires only an 'honest good faith effort.'" *Kawasaki Motors Mfg. Corp., U.S.A.*, 850 F.2d at 527 (quoted citation omitted); *see also Tama Meat Packing Corp.*, 634 F.2d at 1073. We evaluate the reasonableness of the employee's effort in light of the employee's background and experience and the relevant job market. *Seligman & Assocs., Inc.*, 808 F.2d at 1165–66; *Tama Meat Packing Corp.*, 634 F.2d at 1073.

■ Relying on *NLRB v. Mercy Peninsula Ambulance Service*, 589 F.2d 1014, 1018–19 (9th Cir.1979), AHC contends Avant's best efforts of three employment contacts per month sufficiently demonstrate his lack of reasonable diligence during the March 1981 to March 1982 time period. In the circumstances of this case, we need not establish a mathematical benchmark for measuring Avant's diligence in looking for other work during this period. Here, AHC did not show the number of substantially equivalent positions in the Hot Springs area for which Avant could have applied. Thus, the record does not support AHC's contention that Avant's efforts to find employment before March 1982 were deficient.

■ Without regard to the number of substantially equivalent positions, however, beginning in March 1982 Avant averaged only one contact per month for the majority of the remaining backpay period. For some periods of time after March 1982, he made no contacts at all. Under these circumstances, we agree with the ALJ that the record as a whole shows AHC carried its burden of establishing Avant's failure to exercise reasonable diligence in seeking other work after March 1982.

In sum, we conclude the Board's decision in Avant's favor for the entire backpay

period is not supported by substantial evidence on the record as a whole. The ALJ's decision terminating the backpay period as of March 31, 1982, appropriately balances the policies of making Avant whole for AHC's unfair labor practice and promoting productive employment. *See Phelps Dodge Corp.*, 313 U.S. at 197–200, 61 S.Ct. at 853–855. Accordingly, we reverse and remand for the Board to enter an appropriate backpay order reinstating the ALJ's decision in accordance with this opinion and the parties' stipulations.

## ORDER

In our earlier opinion in this case, we reversed an order issued by the National Labor Relations Board (the Board) regarding backpay owed by Arlington Hotel Company, Inc. (AHC) to Frank Avant. *See Arlington Hotel Co. v. NLRB, supra*, at 678. In doing so, we did not address the Board's request for enforcement of an uncontested portion of the order concerning another former employee, Nathan Dendy. On appeal to this court, AHC did not challenge the Board's order awarding backpay to Dendy. Accordingly, we now enforce the Board's order to that extent.